O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7765 AHM (RCx) | Date | May 27, 2009 |
|---|---|---|---|

| Title | UNITED STATES OF AMERICA v. JAY ROBERT GROVE, et al. |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On March 1, 2007, this Court signed a stipulation between the parties and issued a permanent injunction resolving the government's claim that Defendant Jay Robert Grove was unlawfully occupying federal land. The stipulation stated that,

> The Court shall maintain jurisdiction over this matter for one year from the entry of the Court's order approving this settlement stipulation. Notwithstanding the foregoing, the United States shall maintain any rights that it may have thereafter to bring any appropriate action to enforce the permanent injunction provisions of the settlement agreement in the event of a breach.

Stip. and Order ¶ 13. The order signed by the Court stated that,

> Defendant Jay Robert Grove is hereby permanently enjoined for the remainder of his life from using, occupying, visiting, being a guest at or being present on Lot No. 11 of the Chuchupate Recreation Residence Tract in the Los Padres National Forest after the forty-fifth day from the date of this order, or any extension allowed by the Forest Service as necessary thereafter due to lack of safe access . . . .

*Id.* at 11:26-12:5.

On May 5, 2009, the United States filed a Motion to Find Defendant in Contempt of Permanent Injunction, for an Ejectment Order and Order Enforcing Settlement Agreement, and for a Money Judgment. The Motion was supported by the declaration of a District Ranger in the Los Padres National Forest, dated April 30, 2009, stating that Defendant continues to use and occupy the lot, did not vacate the cabin, did not remove

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-7765 AHM (RCx) | Date | May 27, 2009 |
|---|---|---|---|
| Title | UNITED STATES OF AMERICA v. JAY ROBERT GROVE, et al. | | |

his personal property, did not transfer title to a third party, and did not provide the Forest Service with a quitclaim on the cabin.

     The Court hereby ORDERS Defendant Jay Robert Grove to SHOW CAUSE why he should not be held in contempt for failing to comply with the explicit and inherently incorporated provisions of the Court's March 1, 2007 permanent injunction.  That injunction, which is attached to this Order to Show Cause, required Mr. Grove to (a) vacate the property forty-five days after the date of the Order, and (b) remove his personal property from the lot.  Defendant Grove must respond to this Order, in writing, by not later than **June 8, 2009**.  The Court will then hold a contempt hearing on June 15, 2009.  The June 1, 2009 hearing date for the government's motion for contempt[1] is hereby VACATED, and the hearing on the motion is continued to June 15, 2009 at 10:00 a.m.

                                                       :

Initials of Preparer            SMO

cc:    Jay Robert Grove
        Post Office Box 1564
        Frazier Park, California 93225

---

[1] Docket No. 24.

```
 1  GEORGE S. CARDONA
    Acting United States Attorney
 2  LEON W. WEIDMAN
    Assistant United States Attorney
 3  Chief, Civil Division
    KEVIN B. FINN
 4  Assistant United States Attorney
    Calif. Bar No. 128072
 5  E-mail: kevin.finn@usdoj.gov
         Federal Building, Suite 7516
 6       300 North Los Angeles Street
         Los Angeles, California 90012
 7       Telephone: (213) 894-6739
         Fax:             894-7327
 8  Attorneys for Plaintiff
    United States of America
```

FILED CLERK, U.S. DISTRICT COURT MAR -1 2007 CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY

LODGED CLERK U.S. DISTRICT COURT FEB 26 2007 CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY

Priority ✓
Send
Enter
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAY ROBERT GROVE, J.R. GROVE,<br>JAMES GROVE, aka JIM GROVE,<br>JAMES R AND BEVERLY GROVE<br>TRUST, THE ESTATE OF BEVERLY<br>GROVE and DOES 1 TO 5,<br><br>    Defendants. | NO. CV 05-7765 AHM (RCx)<br><br>STIPULATION FOR COMPROMISE SETTLEMENT; AND ORDER THEREON<br><br><br>Honorable A. Howard Matz |

For good and valuable consideration, consisting of the resolution of the above-captioned action and of the mutual promises, covenants, obligations contained herein, plaintiff the United States of America and defendant Jay Robert Grove appearing through their respective counsel in the above-captioned action ("this action"), hereby stipulate and agree as follows:

DOCKETED ON CM MAR -2 2007 BY 053

1. The parties ("the parties") to this Stipulation for Settlement and Consent Judgment ("this Agreement") are plaintiff, the United States of America, acting on behalf of its agency, the United States Forest Service, and defendant Jay Robert Grove (hereinafter "Grove") appearing through their respective counsel in this action.

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1345.

3. The Court has personal jurisdiction over defendant in this action.

4. The subject property is in Ventura County, California, which is in the Central District of California. The subject property is located within the Los Padres National Forest, in the Chuchupate Recreation Residence Tract. The subject property is known as Lot No. 11 (a plat of which is on file in the office of the Forest Supervisor.)

5. The United States owns the land located at Lot No. 11 of the Chuchupate Recreation Residence Tract in the Los Padres National Forest.

6. Grove represents and warrants that he has sole legal ownership interest in and title to the residence structure/cabin, including all fixtures and the septic system attached thereto, the premises, dwellings, structures, and personal property located on Lot No. 11 of the Chuchupate Recreation Residence Tract in the Los Padres National Forest, and that there are no outstanding liens on said residence structure/cabin, including

all fixtures and the septic system attached thereto, and that defendant has full legal right and authority to transfer complete and unencumbered ownership in said structure/cabin, including all fixtures and the septic system attached thereto.

7. In settlement of the claims against Grove in this action, Grove agrees to pay to the United States the sum of four thousand, three hundred dollars ($4,300.00) and to vacate and transfer title to the subject property as more fully described below. The payment of the funds shall be made by State Farm Insurance on behalf of plaintiff within 30 days of the date of entry of the Court's Order approving this settlement stipulation. The draft shall be made payable to the United States of America, and sent to plaintiff's counsel.

8(a). Grove shall immediately vacate the premises and real property known as Lot No. 11 of the Chuchupate Recreation Residence Tract in the Los Padres National Forest. Grove shall remove all personal property from Lot No. 11 of the Chuchupate Recreation Residence Tract in the Los Padres National Forest on or before the 45th day following the date of entry of the Court's order approving this settlement stipulation (hereinafter "the 45th day".) Grove shall be allowed personal access to Lot No. 11 until the 45th day as reasonably necessary to remove his personal property.

(b). At the sole discretion of the Forest Service, the gate on the road leading to Lot No. 11 may be closed and locked. Upon 24 hours notice from Grove to the Forest Service, the gate will

SCANNED

be unlocked to allow defendant access to Lot No. 11 during normal business hours of the Frazier Park/Mount Pinos Ranger Station (generally 8 a.m. - 4:30 p.m.), if at the sole discretion of the Forest Service, the road is safe for passage. The Forest Service may lock the gate after defendant has been given access, and will re-open the gate during normal business hours to allow defendant to leave the subject premises.

(c). Up until the 45th day, the Forest Service will allow a moving company and its reasonably necessary vehicles, such as a moving van, access to Lot No. 11 to remove Grove's personal property from said lot, for two consecutive days, upon 48 hours notice from defendant to the Forest Service, and subject to the determination in the Forest Service's sole discretion that the road to Lot No. 11 is safely passable for said vehicles.

(d). If due to unforseen circumstances, including weather or fire related circumstances, the Forest Service determines that it can not allow passage to Lot No. 11 on the two consecutive days before the 45th day, then Grove will be allowed access to Lot No. 11 as reasonably necessary after the 45th day for the sole purpose of removing his personal property from the lot.

9. Within 180 days of the entry of the Court's order approving this settlement stipulation (hereinafter "the 180th day"), Grove shall transfer legal title to, and all rights and interests he has in, the premises, dwellings, structures, fixtures, and real property located on Lot No. 11 of the Chuchupate Recreation Residence Tract in the Los Padres National

4

Forest to an individual (a) who is not a member of his family, (b) who will agree in writing upon application for a special use permit that no member of the Grove family, including Grove, will ever be allowed to use the subject lot and improvements thereon as a guest, and (c) who is deemed acceptable by the USFS, pursuant to the exercise of its full discretion. The Forest Service shall be reasonable in exercising its discretion in deeming the transferee of the subject property acceptable. The Forest Service has provided Grove with a letter which outlines Forest Service policy and procedures concerning issuance of special use permits and the Forest Plan for the area of the subject lot No. 11. (A copy is attached hereto as Exhibit 1.) Between the 45th day and the 180th day, access to Lot No. 11 will not be unreasonably denied to any person functioning as a seller's representative or agent, such as a real estate agent, inspector, contractor, or appraiser or any such representative of a prospective buyer as long as said person is not Grove or a member of his family. In the event that access cannot be granted due to safety and/or weather conditions during necessary times for such persons to conduct business relative to the sale and purchase of the lot, the Forest Service will allow a reasonable extension for the completion of the acts to be accomplished by the 180th day under this agreement so that said persons may complete their tasks relative to the sale and purchase which were delayed due to limited access caused by safety and/or weather considerations.

10. Within five business days after the entry of the Court's order approving this settlement stipulation, Grove shall obtain a performance bond in the amount of ten thousand dollars ($10,000.00) securing his performance of the transfer of title to the property to a third party as required in paragraph 9 above. The performance bond must specify that in the event that defendant does not transfer legal title to, and all rights and interests he has in, the premises, dwellings, structures, fixtures, and real property located on Lot No. 11 of the Chuchupate Recreation Residence Tract in the Los Padres National Forest to an individual (a) who is not a member of his family, (b) who will agree in writing upon application for a special use permit that no member of the Grove family, including Grove, will ever be allowed to use the subject lot and improvements thereon as a guest, and (c) who is deemed acceptable by the USFS, pursuant to the exercise of its full discretion, within 180 days of the entry of the Court's order approving this settlement stipulation, then the bonding company shall pay to the United States ten thousand dollars ($10,000.00).

11. In the event that Grove does not fulfill the terms and conditions regarding transfer of legal title in paragraph 9, then defendant shall immediately execute and have notarized a Quitclaim deed for all interests in, and legal title to, the residence structure/cabin, including all fixtures, plumbing and septic system attached thereto, to the United States of America,

the acquiring agency being the United States Department of Agriculture, Forest Service.

12. Grove shall be permanently enjoined for the remainder of his life from using, occupying, visiting, being a guest at or being present on Lot No. 11 of the Chuchupate Recreation Residence Tract in the Los Padres National Forest after the 45th day, or any extension allowed by the Forest Service as necessary thereafter due to lack of safe access as described in paragraph 8.

13. The Court shall maintain jurisdiction over this matter for one year from the entry of the Court's order approving this settlement stipulation. Notwithstanding the foregoing, the United States shall maintain any rights that it may have thereafter to bring any appropriate action to enforce the permanent injunction provisions of the settlement agreement in the event of a breach.

14. Grove in accessing the subject lot as allowed under the terms of this agreement shall comply with all present and future regulations of the Secretary of Agriculture and all present and future federal, state, county, and municipal laws, ordinances, or regulations which are applicable to the area or operations covered by this authorization. Grove also shall protect the scenic and esthetic values of the National Forest System lands as far as practicable during his access to the subject lot under the terms of this agreement. No soil, trees, or other vegetation may be removed from the National Forest System lands.

15. The Forest Service reserves the right to enter upon the subject lot, but not into the interior of any structure until after the 45th day, to inspect for compliance with the terms of this agreement.

16. The parties shall bear their own respective costs, attorney fees, and expenses incurred regarding this action and regarding the negotiation, preparation, and execution of this agreement.

17(a). Defendant is familiar with California Civil Code Section 1542 and expressly waives and relinquishes all rights and benefits under or pursuant to said Section and all similar laws. California Civil Code Section 1542 provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

(b). Defendant does not release or discharge the United States from any claims arising from any breach of this Agreement.

18. Release by plaintiff United States:

(a). Upon the fulfillment of the terms and obligations of this settlement agreement, the following subparagraph (2) shall become effective.

(b). For good and valuable consideration, receipt of which the parties acknowledge, the United States hereby releases completely and forever discharges defendant from all Specified

8

Claims by the United States, as defined in subparagraph (c) hereinbelow, that arise out of the alleged breach of the subject Permit for Lot No. 11 and unlawful use and occupancy of the subject property, including those claims made in action number CV 05-7765 AHM (RCx).

(c). As used in this paragraph, the phrase "Specified Claims by the United States" means all known civil actions and civil claims that the United States, on behalf of the U.S. Forest Service, has now or ever had arising from defendant's use and occupancy of the subject land, that are for money, and that are of either a civil, administrative, or contractual nature, with the following exceptions provided in subparagraph (d) hereinbelow.

(d). The United States does not release or discharge defendant from any claims arising (1) under Title 26 (the Internal Revenue Code) or (2) from any breach of this Agreement, specifically including, but not limited to defendant's failure to transfer and convey full and complete title to any and all property that remains on the subject Lot No. 11.

19. Grove expressly agrees to indemnify and hold harmless the United States, and its agencies and employees, for any damages or losses arising from defendant's failure to transfer full and unencumbered title to the structure/cabin, any fixtures and septic system attached thereto on Lot No. 11, and personal property remaining on Lot No. 11, either to a third party pursuant to paragraph 9, or to the United States pursuant to

9

paragraph 11. This specifically includes but is not limited to any actions, and/or damages or losses, arising from anyone or any entity claiming an ownership interest or lienholder interest in the subject structure/cabin and personal property.

20. Each party acknowledges that, except as herein expressly set forth, no representations of any kind or character have been made by the other party or that party's agents, representatives, or attorneys to induce execution of this Agreement or delivery of the documents or payments required by this Agreement.

21. Through this agreement, there is no admission of liability by either party. Grove and his family are entitled to otherwise engage in lawful use of the forest service lands and have access thereto, except as prohibited by this agreement or the permanent injunction entered pursuant to this stipulation.

22. Both the United States and defendant's counsel have participated in the drafting and preparation of this Agreement. Therefore no provision of this Agreement shall be construed against either party.

23. This Agreement and Exhibit 1 represent the full and complete agreement by and between the parties regarding the subject matter of this Agreement. This Agreement shall not be

/ / /
/ / /
/ / /

10

1 modified or amended except in a writing signed by the person or
2 entity against whom enforcement is sought.

4 DATED: February 9, 2007

_____
Defendant Jay Robert Grove

8 DATED: February 26, 2007    GEORGE S. CARDONA
                              Acting United States Attorney
9                             LEON W. WEIDMAN
                              Assistant United States Attorney
10                            Chief, Civil Division

_____
KEVIN B. FINN
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

Approved as to form:

DATED: February 8, 2007    PROCTER, McCARTHY & SLAUGHTER, LLP

_____
JAMES P. HART, Jr.
Attorneys for Defendant

ORDER

Pursuant to the parties' foregoing settlement stipulation,
IT IS HEREBY ORDERED:

1. This Stipulation shall be filed;

2. Defendant Jay Robert Grove is hereby permanently enjoined for the remainder of his life from using, occupying,

11

visiting, being a guest at or being present on Lot No. 11 of the Chuchupate Recreation Residence Tract in the Los Padres National Forest after the forty-fifth day from the date of this order, or any extension allowed by the Forest Service as necessary thereafter due to lack of safe access as described in paragraph 8;

    3. Plaintiff's action is dismissed with prejudice in its entirety;

    4. The Court shall retain jurisdiction over this matter for one year to enforce the terms of the settlement agreement; and,

    5. Each party shall bear their own fees and costs of suit.

DATED: February 26, 2007

_____
A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE